LAWRENCE MITTNIGHT vs. GEORGE N. SMITH and others.

1. A creditor at large, or *before judgment*, is not entitled to the interference of this court, by injunction, to prevent his debtor from disposing of his property in fraud of the creditor. A bill filed by a creditor of a firm, to restrain an execution creditor of an individual partner from enforcing his lien upon the partnership property, forms no exception to the general rule.

2. The doctrine, that a separate debt of one partner shall not be paid out of the partnership property till all the partnership debts are paid, is applicable only where the principles of equity are brought to interfere in the distribution of the partnership property among the creditors.

The bill charges that the defendants, George N. Smith and Joseph R. Reutzel, were partners in business under the name of Smith & Reutzel, and were possessed of a large amount of personal property, encumbered by a chattel mortgage. That the complainant is a creditor of the firm, and that an action at law has been commenced, and is now pending for the recovery of the debt. That the chattel mortgage upon the property of the firm has been foreclosed, the property sold, the mortgage satisfied, and a balance of the proceeds of sale, amounting to $670.98, remains in the hands of the sheriff.

After the suit at law was commenced by the complainant against Smith & Reutzel, and before the sheriff's sale under the foreclosure of the chattel mortgage, George N. Smith confessed a judgment against himself, in favor of Simon and Samuel Walters, for $1500. An execution was issued upon this judgment, and a levy made upon the per-

sonal property of the firm of Smith & Reutzel, before the sale under the mortgage. By virtue of this levy, the execution creditors of Smith claim the balance of the proceeds of sale of the property of Smith & Reutzel, in the hands of the sheriff. The complainant, as a creditor of the firm, claims that he is entitled to the proceeds of the sale of the partnership property, in preference to the creditors of an individual partner.

Upon filing the bill, an injunction issued restraining the sheriff from paying over the money to the execution creditors. The defendants, having answered, now move to dissolve the injunction, on the ground that the equity of the bill is denied by the answer.

*Mr. G. W. Cumming*, for defendants, in support of the motion.

When the equities of the bill are fully answered or denied, the injunction will be dissolved. *Vliet* v. *Lowmason*, 1 *Green's Ch. R.* 404; *Edgar* v. *Clevenger*, 2 *Ibid.* 464; *Johnson* v. *Darcy, Saxton* 194; *Quackenbush* v. *Van Riper, Ibid.* 476.

When the defendant, upon whom the gravamen of the charge rests, has fully answered, the injunction will be dissolved, although there are other defendants who have not answered. *Vliet* v. *Lowmason*, 1 *Green's Ch. R.* 404; *Goodwyn* v. *State Bank*, 4 *Desaus.* 289.

If the bill charge fraud in a judgment, and the answer denies the fraud, and shows a fair consideration for the judgment, the injunction will be dissolved. *Clapp* v. *Ely*, 2 *Stockt.* 178; *Edgar* v. *Clevenger*, 2 *Green's Ch. R.* 258.

And this is so, even where the judgment is so irregularly entered that it would be set aside for error. *Johnson* v. *Darcy, Saxton* 194; 2 *Stockt.* 178.

A debtor has a right to prefer creditors, if not done by assignment, or to defraud others. *Tillou* v. *Britton*, 4 *Halst. R.* 136, 138; *Hendricks* v. *Mount*, 2 *South.* 743.

A creditor has a right to acquire a preference by con-

fession of judgment.  *Cammack* v. *Johnson,* 1 *Green's Ch. R.* 172; *Edgar* v. *Clevenger, Ibid.* 261; *Garretson* v. *Brown,* 2 *Dutcher* 425.

A judgment confessed for an existing debt, and for future advances, is a valid judgment.  *Clapp* v. *Ely,* 2 *Stockt.* 178.

*Mr. Stone,* for complainant, contra.

THE CHANCELLOR.  The equity of the complainant's bill rests on the well settled principle, that joint creditors have priority of right to payment out of the joint estate over the creditors of the individual partners, and that a separate debt of one partner shall not be paid out of the partnership property, till all the partnership debts are paid.  The allegations of the bill, that the complainant is a creditor of the firm of Smith & Reutzel, that the partnership property has been seized and taken by virtue of an execution issued upon a judgment at the suit of Walters against Smith, one of the partners, and that there is no other partnership property sufficient to satisfy the demand of the complainant, are facts not denied by the defendants in such mode as to entitle them to a dissolution of the injunction.  In fact, no answer has been filed by Reutzel, one of the partners.  But, conceding these facts, the execution creditors who are defendants, rely for a dissolution of the injunction, on the allegation of their answer, that, although their judgment is confessed by one of the partners, and is therefore ostensibly the individual debt of such partner, it was nevertheless, in reality, a debt of the partnership, which Smith, who had taken the partnership property, assumed to pay.  Admitting that this fact would, if duly established upon the final hearing, constitute a valid defense to the bill, it cannot, I think, avail the defendant upon the present application.  It is the averment of a new substantive fact, not a denial of any of the material allegations of the bill.  But it is unnecessary to express any decisive opinion upon this point, inasmuch as the injunction must be dissolved upon another ground.

The bill itself is radically defective. The complainant has no standing in court, and no right to call in question the validity of the defendant's claim to the partnership property. He has no judgment or execution against the firm of Smith & Reutzel. He is a general creditor only.

A creditor at large, or *before judgment,* is not entitled to the interference of this court, by injunction, to prevent his debtor from disposing of his property in fraud of the creditor. In order to enable him to contest the validity of encumbrances of the debtor's property, he must have some specific claim or lien on such property. As to real estate, he must have a judgment; as to personal property, he must have perfected his lien by execution. *Edgar* v. *Clevenger,* 1 *Green's Ch. R.* 258, and cases cited in note; *Melville* v. *Brown,* 1 *Harr.* 364; *Dunham* v. *Coxe,* 2 *Stockt.* 437. A bill filed by a creditor of a firm, to restrain an execution creditor of an individual partner from enforcing his lien upon the partnership property, forms no exception to the general rule. A partnership creditor, before judgment, has no such *quasi lien* on the partnership property, as to entitle him to the aid of the court in protecting and enforcing his claim, either against the individual partners, or against a creditor of a partner. *Young* v. *Frier,* 1 *Stockt.* 465.

The doctrine, that a separate debt of one partner shall not be paid out of the partnership property till all the partnership debts are paid, does not apply until the partners cease to have a legal right to dispose of their property as they please. It is applicable only where the principles of equity are brought to interfere in the distribution of the partnership property among the creditors. *McDonald* v. *Beach,* 2 *Blackford's R.* 55.

The complainant has no such title to, or lien upon, the property in question, as entitles him to call upon the court to interfere in its distribution. The case falls directly within the authority of *Young* v. *Frier,* and must be controlled by it. That case was decided after full argument and

deliberation; and an extended examination of the adjudicated cases, leaves no room to doubt that it is in accordance both with principle and authority.

The injunction must be dissolved and the bill dismissed.